IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CALVIN C. HOLLOWELL                                               PLAINTIFF

V.                                     4:19CV00066 JM

JUSTIN MCGREW, Sales Manager, Superior
Dodge Chrysler Jeep; PABLO VILLATORE,
Salesman, Superior Dodge Chrysler Jeep;
KIT COLEMAN, Superior Dodge Chrysler Jeep;
and ALLY BANK                                           DEFENDANTS

**ORDER**

Plaintiff filed a motion for default judgment against Ally Bank on March 21, 2019 in which he argued that Ally Bank had not filed a responsive pleading to his Complaint. In fact, Defendant Ally Bank filed a Motion to Dismiss and Amended Motion to Dismiss on February 26, 2019.[1] Plaintiff's motion for default judgment is denied because Defendant Ally Bank filed the pending motions to dismiss within the time set by the Federal Rules of Civil Procedure and this Court. *See also* ECF No. 8 and 18.

As stated, Defendant Ally Bank has filed motions to dismiss pursuant to Rule 12(b)(6) for failure to state a claim, Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(5) for insufficient service of process. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S.

---

[1] According to Plaintiff's Response and Objection to Ally Bank's motions to dismiss, Plaintiff did not receive copies of the Defendant's motions until March 22, 2019. Plaintiff did not provide a legal argument objecting to the motions to dismiss or request an extension of time to file an argument. The Court notes that Plaintiff has had more than 14 days since receiving copies of the Defendant's motions to respond to them.

506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely")). "[A] plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims ..., rather than facts that are merely consistent with such a right. . . . A district court, therefore, is not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint." *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016) (quoting *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (quotations and citations omitted)). "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic*, 127 S.Ct. at 1966 (internal citations omitted).

Plaintiff filed suit against the Defendant for violation of his rights under 42 U.S.C. § 1983, 42 U.S.C. § 1985 and 15 U.S.C. § 1692(a). "Only state actors can be held liable under § 1983." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). "When a plaintiff brings a § 1983 claim against an individual or entity that ordinarily does not act under color of state law, the plaintiff must allege that the entity conspired with state actors to violate constitutional rights." *Tower v. Glover*, 467 U.S. 914, 920 (1984). There is no allegation in the Complaint that Defendant Ally Bank is an entity acting under color of law or that it conspired with a state actor. Further, there is no allegation that Ally Bank took an action to deprive Plaintiff of his rights to due process or equal protection. Plaintiff's § 1983 claim is dismissed.

It appears that Plaintiff is also claiming that Ally Bank took actions in violation of 15 U.S.C. § 1692, *et seq*. However, Plaintiff has failed to state facts to support this claim.

Finally, Plaintiff's claim pursuant to 42 U.S.C. § 1985 must also fail. "Section 1985 is a statute which provides a remedy, but it grants no substantive stand-alone rights. The source of the right or laws violated must be found elsewhere." *Federer v. Gephardt*, 363 F.3d 754, 758 (8th Cir. 2004). Because Plaintiff has failed to state a claim under 42 U.S.C. § 1983 and 15 U.S.C. § 1692(a), Plaintiff has also failed to state a claim under 42 U.S.C. § 1985.

For these reasons, the Motion to Dismiss and Amended Motion to Dismiss (ECF Nos. 12 and 13) are GRANTED. Plaintiff's Motion for Judgment against Ally Bank (ECF No. 25) is DENIED. The Complaint is dismissed. The Clerk is directed to close the case.

IT IS SO ORDERED this 8th day of April, 2019.

James M. Moody Jr.
United States District Judge